Steven Wayne Bonilla / Petitioner
J-48500, 3-EY-13, San Quentin CA 94974

FILED
Feb 03 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

United States District Court
Northern District of California

Steven Wayne Bonilla,
 Plaintiff,
  v.
Judge Vince G. Chhabria,
Judge Richard Seeborg,
Judge Joseph C. Spero,
John Doe 1-40,000,
 Defendants

Case No. **4:21-cv-00846-PJH (PR)**

Consent and Agreed Judgment For Damages — which have been settled and agreed to by the parties in this action for sanction.

— Expedited Review Requested —

## Introduction

The Plaintiff, Steven Wayne Bonilla, in the above case and cause before this Honorable Court to sanction the provisions and terms for damages which have been settled and agreed to by the parties for the violation of the California Constitution's Right to Privacy / Public Utility Code §2891, regarding his phone records.

## Section I

A Consent Judgment is defined as a judgment that the provisions and terms of which are settled and agreed to by the parties to the action.

An Agreed Judgment is legally defined as a judgment entered on the agreement of the parties, which receives the sanction

-1-

of the court, and it constitutes a contract between the parties to the agreement; it operates as an adjudication between them, and when the court gives the agreement its sanction, it becomes a judgment of the court.

Section II

The court held in Circuit City v Najd, [294 F.3d 1104], that as a general rule silence or inaction does not constitute acceptance of an offer, under California law, but where circumstances or the previous course of dealing between the parties places the offeree under a duty to act or be bound, his silence or inactivity will constitute his assent. And the Court held in Sorg v Weisz, [14 C.A.3d 78], that silence when offer is made or failure to reject it, is an acceptance which will constitute a bilateral contract, Note. 77 ALR 1141. See also Cal.Jur.2d, Contracts, §23; Am. Jur.2d, Contracts, §47.

Section III

Pacific Bell Telephone Company, (AKA AT&T), in a violation of California Utility Code Section 2891 took, approximently a $200.00 "BRIBE" to give up the Plaintiff's phone records for (408)446-3850, to participate in a conspiracy to murder the Plaintiff, under the color of Law and Authority, by willfully denying him his guaranteed Constitutional Rights to privacy in his records.

The defendants were under a statutory duty to declare the Alameda County Superior Court judgment void, in Case No. H-12210-A, when they were presented with the FBI's "ADMISSION" that the federal grand jury subpoena NEVER EXISTED, NOR WAS IT EVER SERVED. By mutually carrying out the common purpose of the conspiracy, by violating the statute, made the defendants participants in an ongoing conspiracy and liable for the

-2-

damages acquiesced to by the conspiracy, as agreed to in, [Exhibit A], and proven by the signature shown on the certified mail having been served on the conspiracy as shown in, [Exhibit A].

In tort the major significance of a conspiracy lies in the fact that it renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of the degree of his activity. [53 C. 2d 643].

Thus, as a matter of well established law, and by definitions stated above, the parties have agreed and settled on the provisions and terms of an agreement. Which will now operate as adjudication between the parties when the court sanctions the agreement, so that it becomes a judgment of the court.

### Relief Sought

(1). Whereby, the Plaintiff request the court to sanction the agreement for damages, so that it becomes a judgment of the Court for damages caused by the conspiracy to the date of the court judgment;

(2). The amount of damages to be made in the court judgment, is to be made certain by computation for the amount due, as stated in, [Exhibit A].

### Verification

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 USC § 1746.

Dated: 1-5-21.

Respectfully Submitted
Steven Beniella

# EXHIBIT A

ACCOUNTING OF AMOUNT OF COMPENSATORY & PUNITIVE DAMAGES DUE:

The following compensatory damages were caused by the LIEN DEBTORS' violations of 18 U.S.C. §241, 813, 872, 1001, 1915, RICO §1961 et seq., 641; California Penal Code §125, 134, 153, 182(4)&(5), 186, 211, 418, 496, 518, 519, 532, 2112; & numerous sections of the Uniform Commercial Code §3-106, 3-108, 30110, 3-112 & Part 6.§9-601, et seq & et al §§.

(1) According to the Federal Bureau of Investigation (FBI), Report obtained via the Freedom of Information Act (FOIA), Sunstate Tropical Wholesale Nursery's financial accounts receivable, which was only comprised of money owed to Sunstate in promissory notes, balance on December 31, 1985, was FIFTEEN-MILLION, SEVEN-HUNDRED AND THIRTY-NINE-THOUSAND, EIGHT-HUNDRED AND SEVENTY-SEVEN DOLLARS AND SIXTY-SEVEN CENTS ON promissory notes, they were all bearing accrued interest at the rate of TEN PERCENT PER ANNUM. Due to non-performance and failure to make the annual payments as required by the contractual promissory notes an additional TEN PERCENT PENALTY PER ANNUM HAS BEEN ADDED FOR DEFAULTING on making the annual payments that were required to be done in accordance with the terms of the contractual agreements made in the promissory notes. Therefore, the balance due is calculated by the balance beginning with $15,739,877.67 on December 31, 1985, COMPOUNDED AT TWENTY PERCENT PER ANNUM UNTIL DEFAULT ON JANUARY 18, 2013, amounts to more than TWO-BILLION, ONE-HUNDRED & EIGHTY-TWO MILLION, TWO-HUNDRED & NINETY-THOUSAND DOLLARS. ($2,182,290,943.46).

(2) The Baritz Nightclub's revenue in January 1988, before Susan

INDEPENDENT CATERERS, INC., v. JONATHAN GOODFELLOW, ET AL., COMPLAINT: DEFAULT OF COMMONLAW JUDGEMENT, CLAIM & AFFIDAVIT & NOTICE OF DEFAULT

PAGE 1 OF 4

1  Hanah Harris illegally and by fraud/oppression, seized management of the
2  business on her own and implementing her own changes in managing the
3  Baritz, expense was 4%, maintenance expense 3½%, sales tax 5½%, rent 6%,
4  labor and general administration ran 29%, leaving a cash profit for
5  Independent Caterers' 45% interest in the Baritz Nightclub to be
6  $38,319.00 per month or $459,828.00 per year. This makes the loss of
7  income with the ten percent per annum adjustment, from January 1, 1988,
8  until default on January 17, 2013, to amount to $47,818,838.65. The
9  value of a nightclub business is worth three times its cash profit for
10 the year which made Independent Caterers' forty-five percent valued at
11 $1,319,487.00 in January of 1988. Which makes the current value,
12 adjusted at ten percent per annum, to be $14,026,176.69 as of the
13 default on January 17, 2013. This brings the total loss and damages for
14 Independent Caterers' forty-five percent interest in the Baritz
15 Nightclub to be $61,908,015.34.
16    (3) The total compensatory damages and loss for the business known
17 as Independent Caterers dba Sunstate Tropical Wholesale Nursery and the
18 Baritz Nightclub's (forty-five percent interest) up until the default on
19 January 17, 2013, is $2,244,199,878.25.
20    (4) Damages given in punitive statutes, for violation of
21 Racketeering (RICO, 18 U.S.C. §1962, et seq.); and California Penal Code
22 §496(c), are triple of the actual damages (compensatory damages), to
23 $6,732,599,643.75; which is secured by the real and personal community
24 property of the LIEN DEBTORS.
25    (5) The total tally of compensatory and punitive damages as of the
26 day of default on January 17, 2013, is EIGHT-BILLION, NINE-HUNDRED AND
27 SEVENTY-SIX-MILLION, SEVEN-HUNDRED AND NINE-THOUSAND, FIVE-HUNDRED
28

INDEPENDENT CATERERS, INC., v. JONATHAN GOODFELLOW, ET AL., COMPLAINT: DEFAULT OF COMMONLAW JUDGEMENT, CLAIM
& AFFIDAVIT & NOTICE OF DEFAULT

AND THIRTEEN-DOLLARS ($8,976,799,513.00). This balance continues to accrue at the rate of ten percent per annum from the day of the default on January 18, 2013, until paid in full. It is secured by real and personal community property of the LIEN DEBTORS; additional damages to be added upon discovery and proof.

(6) Under the applicable rules of law (California Penal Code Section 1202.4), to calculate the damages and liability for the members of the civil conspiracy (Defendants), for the false imprisonment of Sunstate's President it is based on the twelve months of income prior to the false imprisonment of its President, which began on September 20, 1988. The income for those twelve months is what is owed Sunstate Tropical Wholesale Nursery, which is the income owed Independent Caterers, Inc., on its forty-five percent interest in the Baritz Nightclub, from September 20, 1987 until September 19, 1988, which in turn is its President's income for the same period. Based on the calculations stated above, the income for the twelve months prior to the false imprisonment is nineteen-million, nine-hundred and twenty-six-thousand, one-hundred and five-dollars and four cents ($19,926,105.04), with the base income adjusted ten percent per annum and the balance accrued at the rate of ten percent per annum from September 20, 1988 until the second default on August 3, 2013, the balance owed for the false imprisonment of Sunstate's President is four-Billion, eight-hundred and fourteen-million, two-hundred and seventy-seven-dollars and thirty-five cents ($4,814,277,377.35). Damage given by punitive statutes for violation of Racketeering (RICO, 18 U.S.C. §1962, et seq.); and California Penal Code §496(c), are triple of the actual damages given by punitive statutes, brings the punitive damages due as of the day of

INDEPENDENT CATERERS, INC., v. JONATHAN GOODFELLOW, ET AL., COMPLAINT: DEFAULT OF COMMONLAW JUDGEMENT, CLAIM & AFFIDAVIT & NOTICE OF DEFAULT

PAGE 3 OF 4

default (August 3, 2013) to $14,442,832,132.05, which is secured by real and personal community property of the LIEN DEBTORS.

(7) The total tally of compensation and punitive damages for the false imprisonment of Sunstate's Presidents as of the day of default on August 3, 2013 is nineteen-billion, two-hundred and fifty-seven-million, one-hundred and nine-thousand, five-hundred and nine-dollars and forty-cents. (#19,257,109,509.40). This balance continues to accrue at the rate of ten percent per annum from the day of the dafault on August 3, 2013 and at the rate of $7,185,666.42 per day until September 19, 2013 and from September 20, 2013 until September 19, 2014 at the rate of $8,130,285.28 per day and from September 20, 2014 until September 19, 2015 at the rate of $9,191,465.22 per day, etc., or until such time as the false imprisonment ceases to continue; and until paid in full. It is secured by the real and personal community property of the LIEN DEBTORS

DATED: 11-21-12

The foregoing is declared true and correct under penalty of perjury under the laws of California and the United States of America this 21 day of NOVEMBER 2012 at Tamal, Ca. 94974    Steven Bonilla

DATED: 11-21-12

STEVEN BONILLA. AFFIANT, OWNER & MEMBER OF THE BOARD OF DIRECTORS AUTHORIZED TO ACT FOR AND ON BEHALF OF INDEPENDENT CATERERS, INC.

---

"AFFIDAVIT OF NOTICE OF DEFAULT"

INDEPENDENT CATERERS, INC., v. JONATHAN GOODFELLOW, ET AL., COMPLAINT: DEFAULT OF COMMONLAW JUDGEMENT, CLAIM & AFFIDAVIT & NOTICEOF DEFAULT

PAGE 4 OF 4

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    AT&T
    208 S. AKARD ST.
    DALLAS, TX 75202

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  A Card
☑ Agent
☐ Addressee

B. Received by (Printed Name)
S LAND

C. Date of Delivery
11-15-11

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☑ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
   7005 0390 0005 6698 9201

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
280 SOUTH FIRST STREET
SAN JOSE, CA 95113

November 20, 2020

Steven Wayne Bonilla
J-48500
SAN QUENTIN STATE PRISON (SQ-2)
SAN QUENTIN, CA 94974

Dear Mr. Bonilla:

The court has received your letter to the FBI and two IFP documents, attached. The Court is unable to file the two IFPs because there is no case number noted and we are unsure which of your cases this pertains to. In addition, the FBI does not have an office at the address you provided.

You must include the case name and complete case number on any document you submit to this court for consideration in your case.

Sincerely,

Lisa Duran

Pro Se Paralegal

attachment

*[Handwritten annotations:]*

a person can not be precluded from raising the jurisdictional question for any reason [146 F. 2d 449, 453] nor be barred from doing so [98 US 495]

A void order or judgment is subject to collateral attack at any time and in any place [148 cal. app. 2d 845]

4. Do you have cash (includes balance of checking or savings accounts)?   ___ Yes  ☒ No

   If "yes" state the total amount: _____

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or other valuable property?   ___ Yes  ☒ No

   If "yes" describe the property and state its value: _____

6. Do you have any other assets?   ___ Yes  ☒ No

   If "yes," list the asset(s) and state the value of each asset listed: _____

7. List all persons dependent on you for support, stating your relationship to each person listed and how much you contribute to their support.
   N/A

**This form must be dated and signed below for the court to consider your application.**

I hereby authorize the agency having custody of me to provide a certified copy of my trust account statement for activity covering the last six months to the Court. Additionally, once eligibility is established, I further authorize the agency having custody of me to collect from my trust account and forward to the Clerk of the United States District Court payments in accordance with 28 U.S.C. § 1915(b)(2).

November 8, 2020                               /s/ Wayne Bovell
_____                           _____
DATE                                          SIGNATURE OF APPLICANT

Applicant's CDCR Number (Mandatory for CDCR Applicants): _____

**CERTIFICATION BELOW IS TO BE COMPLETED BY**
**NON-CDCR INCARCERATED PRISONERS ONLY**

**CERTIFICATE**
(To be completed by the institution of incarceration)

I certify that the applicant named herein has the sum of $_____ on account to his/her credit at _____ (name of institution). I further certify that during the past six months the applicant's average monthly balance was $_____. I further certify that during the past six months the average monthly deposits to the applicants account was $_____.
(Please attach a certified copy of the applicant's trust account statement showing transactions for the past six months.)

_____                           _____
DATE                                          SIGNATURE OF AUTHORIZED OFFICER

| Date\Time: 11/12/2020 7:43:18 AM | | CDCR | Verified: _____ |
|---|---|---|---|
| Institution: SQ | | Inmate Statement Report | |
| **Start Date:** | 5/12/2020 | **Revalidation Cycle:** All | |
| **End Date:** | 11/12/2020 | **Housing Unit:** All | |
| **Inmate/Group#:** | J48500 | | |

THE WITHIN IS A CORRECT
COPY OF THE TRUST ACCOUNT MAINTAINED
BY THIS OFFICE

1

1
2                                                   Case Number: _____
3
4
5
6
7
8
9                           CERTIFICATE OF FUNDS
10                                   IN
11                          PRISONER'S ACCOUNT
12
13      I certify that attached hereto is a true and correct copy of the prisoner's trust account
14  statement showing transactions of _BONILLA V48500_ for the last six months a
                                         {prisoner name}
15  at _SAN QUENTIN STATE PRISON_ where (s)he is confined.
         {name of institution}
16      I further certify that the average deposits each month to this prisoner's account for the
17  most recent 6-month period were $ ___0___ and the average balance in the prisoner's
18  account each month for the most recent 6-month period was $ ___0___.
19
20  Dated: _11-12-20_                            _____
21                                                [Authorized officer of the institution]
22
23
24
25
26
27
28

American LegalNet, Inc.
www.USCourtForms.com

Date\Time: 11/12/2020 7:43:18 AM  
Institution: SQ

**CDCR**  
**Inmate Statement Report**

Verified: _____

| CDCR# | Inmate/Group Name | Institution | Unit | Cell/Bed |
|---|---|---|---|---|
| J48500 | BONILLA, STEVEN | SQ | A EB 3 | 013001 |

**Current Available Balance:** $0.00

### Transaction List

| Transaction Date | Institution | Transaction Type | Source Doc# | Receipt#/Check# | Amount | Account Balance |
|---|---|---|---|---|---|---|

**No information was found for the given criteria.**

### Encumbrance List

| Encumbrance Type | Transaction Date | Amount |
|---|---|---|

**No information was found for the given criteria.**

### Obligation List

| Obligation Type | Court Case# | Original Owed Balance | Sum of Tx for Date Range for Oblg | Current Balance |
|---|---|---|---|---|
| PLRA | CV11-03631 CW | $350.00 | $0.00 | $350.00 |
| PLRA | CV11-03180 CW | $350.00 | $0.00 | $350.00 |
| PLRA | CV11-03181 CW | $350.00 | $0.00 | $350.00 |
| PLRA | CV11-03206 CW | $350.00 | $0.00 | $350.00 |
| PLRA | CV11-03398 CW | $350.00 | $0.00 | $350.00 |
| PLRA | CV11-03441 CW | $350.00 | $0.00 | $350.00 |
| PLRA | 2:18-CV-01811-TLN-AC | $350.00 | $0.00 | $350.00 |

### Restitution List

| Restitution | Court Case# | Status | Original Owed Balance | Interest Accrued | Sum of Tx for Date Range for Oblg | Current Balance |
|---|---|---|---|---|---|---|

**No information was found for the given criteria.**

2

4. Do you have cash (includes balance of checking or savings accounts)? __ Yes ☒ No

   If "yes" state the total amount: _____

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or other valuable property? __ Yes ☒ No

   If "yes" describe the property and state its value: _____

6. Do you have any other assets? __ Yes ☒ No

   If "yes," list the asset(s) and state the value of each asset listed: _____

7. List all persons dependent on you for support, stating your relationship to each person listed and how much you contribute to their support. N/A

This form must be dated and signed below for the court to consider your application.

I hereby authorize the agency having custody of me to provide a certified copy of my trust account statement for activity covering the last six months to the Court. Additionally, once eligibility is established, I further authorize the agency having custody of me to collect from my trust account and forward to the Clerk of the United States District Court payments in accordance with 28 U.S.C. § 1915(b)(2).

November 8, 2020
DATE

Attoh Wayne Bonilla
SIGNATURE OF APPLICANT

Applicant's CDCR Number (Mandatory for CDCR Applicants): _____

**CERTIFICATION BELOW IS TO BE COMPLETED BY NON-CDCR INCARCERATED PRISONERS ONLY**

**CERTIFICATE**
(To be completed by the institution of incarceration)

I certify that the applicant named herein has the sum of $_____ on account to his/her credit at _____ (name of institution). I further certify that during the past six months the applicant's average monthly balance was $_____. I further certify that during the past six months the average monthly deposits to the applicants account was $_____.
(Please attach a certified copy of the applicant's trust account statement showing transactions for the past six months.)

DATE _____

SIGNATURE OF AUTHORIZED OFFICER _____

Federal Bureau of Investigation
Internal Affairs
280 South First Street, Suite 2112
San Jose CA 95113

RECEIVED
NOV 13 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE